UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ZANTELLO,

                **Plaintiff,**              **CIVIL ACTION NO. 06-CV-10745-DT**

     **vs.**

                                 **DISTRICT JUDGE JULIAN ABLE COOK, JR.**

**SHELBY TOWNSHIP,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
                **Defendants.**
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S ATTENDANCE AT AN INDEPENDENT MEDICAL EXAMINATION PURSUANT TO FED. R. CIV. P. 35(a)

      This matter comes before the Court on Defendants' Motion to Compel Plaintiff's Attendance at an Independent Medical Examination Pursuant to Fed. R. Civ. P. 35(a) filed on December 15, 2006. (Docket no. 27). Plaintiff has filed a Response asking that Defendants' motion be denied. (Docket no. 30). The matter has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 31). The Court dispenses with oral argument pursuant to E. D. Mich. L.R. 7.1(e). The motion is now ready for ruling.

      This is a civil rights action in which Plaintiff claims that Defendants used excessive force and inflicted "severe injuries" upon him during his arrest. (Docket no. 1). Defendants state that although Plaintiff has not opposed their "right" to conduct a medical examination of Plaintiff, Plaintiff's counsel has refused to permit the examination unless Plaintiff is allowed to tape record the examination or have a court reporter present to record any conversation between Plaintiff and the physician. (Docket no. 27 at 1-2). Plaintiff states that these measures are needed to ensure

-1-

accuracy and decrease the likelihood of inadvertent or intentional misrepresentations of the statements made during the examination.  (Docket no. 30 at 2).

Rule 35(a), Fed. R. Civ. P., provides that "on motion for good cause shown" the court in which the action is pending "may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner" when the party's mental or physical condition is in controversy.  Fed. R. Civ. P. 35(a).  The decision whether to order an examination is committed to the sound discretion of the trial court.  *E.E.O.C. v. Grief Bros. Corp.*, 218 F.R.D. 59, 61 (W.D.N.Y. 2003).  As stated in the rule, the movant has the burden of showing good cause and that the physical or mental condition of the party is in controversy.  *Schlangenhauf v. Holder*, 379 U.S. 104, 119 (1964).

Defendants argue that because Plaintiff has claimed that they physically injured him, Plaintiff's physical condition is in controversy.  (Docket no. 27 at 1).  They also assert that Plaintiff has not provided any reason why recording the examination should be permitted and that the physician they have proposed to conduct the examination has informed them that he will not perform the examination if Plaintiff is permitted to record it or have a court reporter present.  (*Id*. at 2).  Defendants also show by citing various cases that some courts do not allow the recording of examinations under Rule 35.  (*Id*. at 8-9).

Plaintiff counters by citing various cases which have allowed the recording of examinations.  (Docket no. 30 at 7-10).  Plaintiff also notes that one of the primary cases relied upon by Defendants where recording was not allowed involved a psychiatric examination rather than a physical examination.  *See Lahar v. Oakland County*, 2006 WL 2269340 (E.D. Mich. Aug. 8, 2006).  The *Lahar* court did find, however, that the majority of federal courts decline to allow either recording

-2-

or an observer, absent a showing of a special need or good reason. *Id.*, slip copy at 8. The cases cited in support of this finding are not limited to mental examinations. *See id.*

Rule 35(a) is silent on the question of whether a recording of the examination or observers should be allowed. Defendants have made the required showings under the Rule that the Plaintiff's physical condition is "in controversy" and that good cause exists for the examination. These requirements are met because Plaintiff has by his allegations of physical injury placed his physical condition at issue in the case. *See Schlangenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury, . . . , places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.").

Although there is authority going both ways, the majority federal view is that recording of the examination and observers should not be allowed unless the person to be examined shows special need or good reason for the recording or observer. *See Lahar*, slip copy at 8. Plaintiff's attempt to distinguish *Lahar* is not convincing because, although the exam in that case was a mental exam, the court did not limit its finding to mental examinations and cited at least one case to support the finding which involved a physical rather than mental examination. *Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind. 1989).

The question therefore is whether Plaintiff has shown a special need or good reason for recording the examination or for having an observer present. Plaintiff's reasons for requesting the recording or observer are not specific to the physician proposed by Defendants to conduct the examination. There is no allegation that the physician may be biased or that for some other reason his report of the examination would be suspect. In addition, Plaintiff has not shown any

-3-

circumstances specific to himself, such as being a minor or having difficulty with the English language, which might justify these proposed measures.  The reasons Plaintiff cites for the recording or observer are circumstances which might occur at any examination.  *See Lahar*, slip copy at 8. Plaintiff will have other methods available to challenge any alleged inaccuracies in the physician's report.  *See id*.  Accordingly, the Court finds that there are no special needs or good reason to allow the recording of the examination or the presence of an observer.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Plaintiff's Attendance at an Independent Medical Examination Pursuant to Fed. R. Civ. P. 35(a) (docket no. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff submit to the proposed examination pursuant to Rule 35 without any third party observer or court reporter present and that Plaintiff is not permitted to make either an audio recording or video recording of the examination.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 07, 2007                      s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

-4-

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 07, 2007                                s/ Lisa C. Bartlett                          
                                                     Courtroom Deputy